JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

RECEIVED NOV - 5 8:30 WILLIAM T. WALSH CLERK

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff Camden

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

County of Residence of First Listed Defendant

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☒ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: penalty relief of 2005 tax return due to reasonable cause

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $ CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S)** (See instructions): JUDGE DOCKET NUMBER

Explanation:

DATE 11/05/2010 SIGNATURE OF ATTORNEY OF RECORD [signature]

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

CAMDEN DIVISON

RECEIVED
NOV - 5 2010
AT 8:30
WILLIAM T. WALSH M
CLERK

Title of the Action

Tax Penalty for the Year of 2005

Albert Li and Shijian Guo

Plaintiffs

CIVIL ACTION

v.

Internal Revenue Service

Defendant

DEMANDED

Mr. Li and Ms. Guo respectfully ask Judge and Jury remove the penalty of the 2005 tax return $17,130 due to reasonable cause

JURY TRIAL DEMANDED

## COMPLAIN

Plaintiffs, Albert Li and Shijian Guo, bring this action and respectfully allege:

1. Mr. Li and Ms. Guo respectfully request to abate their penalty for 2005 tax return.

## PARTIES

1. Plaintiffs are citizens of the United States and resides at 5 Marble Ct. Sicklerville, NJ 08081
2. Defendant is Internal Revenue Service

## JURISDICTION AND VENUE

3. Jurisdiction is Camden District

Plaintiffs Signature

*originally reported has been omitted from this amendment due to the fact that this income will not be distributed to the shareholder, and the company will not distribute it at any future period.*" **(Exhibit C 1040X form)** When Ms. Guo mailed Form 1040X on September 18, 2006, she attached a letter explaining the situation. **(Exhibit D Ms. Guo's letter of September 18, 2006 enclosed 1040X)**

8. On October 30, 2006, IRS sent a notice **(CP504)**; and said "*IRS intends to levy on certain assets within ten days*". On November 14, 2006 Mr. Li and Ms. Guo requested Mr. Gordon More, their tax lawyer and POA, to contract IRS. By phone, IRS agent agreed to settle the 2005 tax for $98.12 with Mr. Li and Ms. Guo. IRS sent a confirmation notice of this change **(CP22A)** dated November 27, 2006. **(Exhibit E IRS Settlement letter CP22A) Next day,** Mr. Golden also wrote a letter to IRS to confirm that the amendment of 2005 was correct. His letter said: "*In response to your CP504 Notice dated October 30, 2006 and telephone conversation I had with one of your representatives yesterday, enclosed please find a coupon and our firm check in the amount $98.12 in payment of the balance due with respect to the Taxpayers' Form 1040 for 2005. Upon your receipt of this payment, it is my understanding that this account is now paid in full. If that is not correct, please let us know.*" **(Exhibit F Letter written y Mr. Golden and the copy of firm check)**

9. On December 18, 2006 IRS sent the letter (Notice LTR 672C) to confirm the settlement. It said: "*Your account is paid in full at this time.*" **(Exhibit G the letter of December 18, 2006 LTRC E0)** At this point, Mr. Li and Ms. Guo believed that all 2005 tax liabilities have been paid in full since they are cash basis taxpayers. They should not report unpaid K-1 money to their income and pay K-1 tax.

10. IRS audited Mr. Li and Ms. Guo 2005 tax return on April 28, 2008. (LTR 915). It said that "*it is determined that your distributable share of ordinary income from an S corporation is increased.*" "*Accordingly, your taxable income is increased*

*for your corrected distributable share of income." "In addition, accuracy-related penalties under IRC 6662 20% penalty ($14,367.80)... are imposed."* **(Exhibit H IRC 6662 Date Tax Computation Last Generated 04/28/2008)**

11. Following IRS' new instruction, Mr. Li and Ms. Guo agreed and paid in full of their tax and interest for 2005 tax return on time as soon as Mr. Li received his settlement fund by sold his share of SII, but they requested to abate their penalty due to the reasonable cause. **(Exhibition I Three Copies of Checks for full Payment of Tax Year 2005)**.

12. Ms. Talbot, the case officer of IRS, disallowed their request in the letters of November 20, 2009 and January 9, 2010. **(Exhibit J Ms. Talbot Letters of November 20, 2009 and January 19, 2010)**

**Conclusion**

Mr. Li and Ms. Guo fully relied on IRS advice and fulfilled their tax obligations in a timely manner. The amendment of 2005 tax return was a result due to IRS' erroneous oral and written advice. Therefore, Mr. Li and Ms. Guo respectfully ask Judge and Jury remove the penalty of the 2005 tax return $17,130 due to reasonable cause 20.1.1.3.2.4.2 (02-22-2008), 20.1.1.3.2.4.1 (02-22-2008) and *20.1.1.3.24 (02-22-2008): Advice* 5. **(Exhibit K Copy of the Reasonable Cause** 20.1.1.3.2.4.1; 20.1.1.3.2.4.2 (02-22-2008) and *20.1.1.3.24*)

Attachment Sequence No. 13 Page

hedule E (Form 1040) 2005

me(s) shown on return. Do not enter name and social security number if shown on other side.

ALBERT LI & SHIJIAN GUO

Your social security number: 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

ution. The IRS compares amounts reported on your tax return with amounts shown on Schedule(s) K-1.

## Part II Income or Loss From Partnerships and S Corporations

**Note.** If you report a loss from an at-risk activity for which any amount is not at risk, you must check the box in column (e) on line 28 and attach Form 6198. See page E-1.

Are you reporting any loss not allowed in a prior year due to the at-risk or basis limitations, a prior year unallowed loss from a passive activity (if that loss was not reported on Form 8582), or unreimbursed partnership expenses? If you answered "Yes," see page E-6 before completing this section. ☐ Yes ☒ No

| | (a) Name | (b) Enter P for partnership; S for S corp. | (c) Check if foreign partnership | (d) Employer identification number | (e) Check if any amount is not at risk |
|---|---|---|---|---|---|
| | SYNERGETICA INTERNATIONAL, INC. | S | ☐ | 22-3652695 | ☐ |
| | | | ☐ | | ☐ |
| | | | ☐ | | ☐ |
| | | | ☐ | | ☐ |

| | Passive Income and Loss | | Nonpassive Income and Loss | | |
|---|---|---|---|---|---|
| | (f) Passive loss allowed (attach Form 8582 if required) | (g) Passive income from Schedule K-1 | (h) Nonpassive loss from Schedule K-1 | (i) Section 179 expense deduction from Form 4562 | (j) Nonpassive income from Schedule K-1 |
| | | | | | 198,76( |
| | 0 | | | | |
| | | | | | |
| | | | | | |
| 9a Totals | | | | | 198,76( |
| b Totals | | | | | |

| | | | |
|---|---|---|---|
| 0 | Add columns (g) and (j) of line 29a | 30 | 198,76( |
| 1 | Add columns (f), (h), and (i) of line 29b | 31 | ( |
| 2 | **Total partnership and S corporation income or (loss).** Combine lines 30 and 31. Enter the result here and include in the total on line 41 below | 32 | 198,76( |

## Part III Income or Loss From Estates and Trusts

| 3 | (a) Name | (b) Employer identification number |
|---|---|---|
| A | | |
| B | | |

| | Passive Income and Loss | | Nonpassive Income and Loss | |
|---|---|---|---|---|
| | (c) Passive deduction or loss allowed (attach Form 8582 if required) | (d) Passive income from Schedule K-1 | (e) Deduction or loss from Schedule K-1 | (f) Other income from Schedule K-1 |
| A | | | | |
| B | | | | |
| 34a Totals | | | | |
| b Totals | | | | |

| | | | |
|---|---|---|---|
| 35 | Add columns (d) and (f) of line 34a | 35 | |
| 36 | Add columns (c) and (e) of line 34b | 36 | ( |
| 37 | **Total estate and trust income or (loss).** Combine lines 35 and 36. Enter the result here and include in the total on line 41 below | 37 | |

## Part IV Income or Loss From Real Estate Mortgage Investment Conduits (REMICs)-Residual Holder

| 38 | (a) Name | (b) Employer identification number | (c) Excess inclusion from Schedules Q, line 2c (see page E-6) | (d) Taxable income (net loss) from Schedules Q, line 1b | (e) Income from Schedules Q, line 3b |
|---|---|---|---|---|---|
| | | | | | |

| | | | |
|---|---|---|---|
| 39 | Combine columns (d) and (e) only. Enter the result here and include in the total on line 41 below | 39 | |

## Part V Summary

| | | | |
|---|---|---|---|
| 40 | Net farm rental income or (loss) from **Form 4835.** Also, complete line 42 below | 40 | |
| 41 | **Total income or (loss).** Combine lines 26, 32, 37, 39, and 40. Enter the result here and on Form 1040, line 17 | 41 | 204,57· |
| 42 | **Reconciliation of farming and fishing income.** Enter your gross farming and fishing income reported on Form 4835, line 7; Schedule K-1 (Form 1065), box 14, code B; Schedule K-1 (Form 1120S), box 17, code N; and Schedule K-1 (Form 1041), line 14, code F (see page E-7) | 42 | |
| 43 | **Reconciliation for real estate professionals.** If you were a real estate professional (see page E-1), enter the net income or (loss) you reported anywhere on Form 1040 from all rental real estate activities in which you materially participated under the passive activity loss rules | 43 | |

DAA

Annex 8. 1040X page 4 annex 9

..BERT LI & SHIJIAN GUO 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

..rm 1040X (Rev. 11-2005) Page 2

## Part I Exemptions. See Form 1040 or 1040A instructions.

Complete this part **only** if you are:

- Increasing or decreasing the number of exemptions claimed on line 6d of the return you are amending, or
- Increasing or decreasing the exemption amount for housing individuals displaced by Hurricane Katrina.

| | Line | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|
| Yourself and spouse<br>**Caution.** If someone can claim you as a dependent, you cannot claim an exemption for yourself. | 25 | 2 | | 2 |
| Your dependent children who lived with you | 26 | 1 | | 1 |
| Your dependent children who did not live with you due to divorce or separation | 27 | 0 | | |
| Other dependents | 28 | 1 | | 1 |
| Total number of exemptions. Add lines 25 through 28 | 29 | 4 | | 4 |
| Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. (see table below) | 30 | 0 | 12,800 | 12,800 |
| If you are claiming an exemption amount for housing individuals displaced by Hurricane Katrina, enter the amount from Form 8914, line 2 (see instructions for line 4) | 31 | 0 | | |
| Add lines 30 and 31. Enter the result here and on line 4 | 32 | | 12,800 | 12,800 |

| Tax year | Exemption amount | But see the instructions for line 4 on page 3 if the amount on line 1 is over: |
|---|---|---|
| 2005 | $3,200 | $109,475 |
| 2004 | 3,100 | 107,025 |
| 2003 | 3,050 | 104,625 |
| 2002 | 3,000 | 103,000 |

Dependents (children and other) not claimed on original (or adjusted) return:

| (a) First name | Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) Check if qualifying child for child tax credit (see page 5) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

No. of children on 33 who:
- lived with you ▶ ☐
- did not live with you due to divorce or separation (see page 5) ▶ ☐

Dependents on 33 not entered above ▶ ☐

## Part II Explanation of Changes

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

..e change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form ..t shows the year in which the loss or credit occurred. See page 2 of the instructions. Also, check here ▶ ☐

LINE 1: THE S CORPORATION INCOME ORIGINALLY REPORTED HAS BEEN OMMITTED FROM THIS AMENDMENT DUE TO THE FACT THAT THIS INCOME WILL NOT BE DISTRIBUTED TO THE SHAREHOLDER, AND THE COMPANY WILL NOT DISTRIBUTE IT AT ANY FUTURE PERIOD. IF THERE ARE ANY QUESTIONS, PLEASE CALL OUR ACCOUNTANT EDWARD M. OBERMAN, CPA AT 856-875-5300.

## Part III Presidential Election Campaign Fund. Checking below will not increase your tax or reduce your refund.

..ou did not previously want $3 to go to the fund but now want to, check here ▶ ☐

..joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here ▶ ☐

Form **1040X** (Rev. 11-2005)

September, 18, 2006

From: Albert Li and Shijian Guo
SS#: 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 and 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
Address: 5 Marble Ct. Sicklerville, NJ 08081
Tel: 857-728-5275; Cell: 215-869-7025; Fax: 856-728-7417

To: State of NJ/Division of Taxation
Revenue processing Center
PO Box 111
Trenton, NJ 08645-0111

Dear Sir or Madam,

Mr. Li and I filed our personal tax return for 2005, which included the K-1 $198,760 which Synergetica International Inc notified Mr. Li of on April 17, 2006. Not only was the timing of this notice both late and inconvenient, but Synergetica International Inc never paid that amount to Mr. Li. Therefore, we filed 1040X Amended U.S. Individual Income Tax Return to correct our 1040 U.S. Individual Income Tax Return for 2005, indicating that the amount of $198,760 was never paid.

On April 17th 2006, Ms. Guo called IRS immediately after receiving the fax of K-1 Form 1120s from Synergetica Inc. about the K-1 allocation which was not paid. She was told that even though the K-1 money was not received, she would still have to file it in the tax return and pay tax on the K-1. Per the instructions, we included the K-1 $198,760 in our tax return file. Since then, we have been asked by the IRS multiple times to pay the tax owed on the K-1 amount with money that we do not have, have not received, and may not receive due to current litigation involving Synergetica Inc.

Due to the repeated requests for the full payment of $72,666.76, on September 29th, 2006. I called the IRS to ask for help in solving our tax problem and for options regarding my interests as an Innocent Spouse.

After I spoke with Ms. Santos, Ms. Palmer ID 7516524, Mr. Kuhn ID 1607021, Mr. Darby ID 9301451, and Ms. Hailton ID 5903363 I realized that we should not have added the K-1 $198,760 to our income, because the amount of $ 198,760.00 was never paid to Mr. Li. In order to correct the mistake in our tax return for 2005, we filed 1040X Amended U.S. Individual Personal Tax Return.

Now Mr. Michael Heng Su solely controls Synergetic International Inc.. In the Synergetica Inc. tax return, Michael Su indicated that the K-1 was distributed to Mr. Li, however, the money was never paid to him. I believe Mr. Su's action constitutes tax fraud. Synergetica's tax ID is 22-365-2695.

I hope that the IRS will immediately investigate this situation and resolve us of the tax on the K-1 amount.

If you have any questions, please feel free to contact myself or Mr. Li's attorney:
Mr. Martin, A. Joseph, Archer & Greiner P.C. Direct Dial: 856-354-3136, Fax: 856-759-0574

I, Ms. Guo, certify that the above statements are true. I am aware that if any of the statement is willfully false, I am subject to punishment.

Shijian Guo

08081 IRS USE ONLY SB W 28254-711-06018-6 0 0 200646 CP: 22A

Annex 10

Annex 8

Department of the Treasury
Internal Revenue Service
P.O. Box 9019
Holtsville, NY 11742-9019

For assistance, call:
1-800-829-8374
**Your Caller ID:** 722029

**Notice Number:** CP22A
**Date:** November 27, 2006

**Taxpayer Identification Number:**
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
**Tax Form:** 1040
**Tax Year:** December 31, 2005

017152.290044.0077.002 1 AT 0.308 926

ALBERT LI
5 MARBLE CT
SICKLERVILLE NJ 08081-1684059

| Amount You Owe as of December 18, 2006 |
|---|
| $98.12 |

17152

For account of: ALBERT LI & SHIJIAN GUO

## We Changed Your Account

28254-672-99000-6

*We will explain why you received this notice, how we changed your account, how this change affects you, and actions you may wish to take.*

## Why You Received This Notice

As you requested, we changed your account for 2005 to correct your Schedule E income (or loss).

The law requires us to send a copy of this notice to both you and your spouse. Each copy contains the same information about your joint account. Please pay the amount you owe only once.

## How We Changed Your Account

We changed your account as follows:

| | |
|---|---|
| **Account balance before this change** | **$69,982.20 Due** |
| Decrease in tax because of this change | $68,638.00 CR |
| The Late Payment penalty previously charged was reduced | $678.30 CR |
| Decrease in interest previously charged* | $567.78 CR |
| **Amount you now owe** | **$98.12** |

*If you claimed a tax deduction for this interest, remember to report it as income on your next tax return.

Annext 9

Annex 11

# ARCHER & GREINER

A PROFESSIONAL CORPORATION

COUNSELLORS AT LAW

ONE CENTENNIAL SQUARE
HADDONFIELD, NJ 08033-0968
856-795-2121
FAX 856-795-0574

www.archerlaw.com

*PRINCETON OFFICE*
700 ALEXANDER PARK
SUITE 102
PRINCETON, NJ 08540
609-580-3700
FAX 609-580-0051

*FLEMINGTON OFFICE*
PLAZA ONE
1 STATE ROUTE 12, SUITE 201
FLEMINGTON, NJ 08822-1722
908-788-9700
FAX 908-788-7854

*PHILADELPHIA OFFICE*
ONE SOUTH BROAD STREET
SUITE 1620
PHILADELPHIA, PA 19107
215-963-3300
FAX 215-963-9999

*WILMINGTON OFFICE*
300 DELAWARE AVENUE
SUITE 1370
WILMINGTON, DE 19801
302-777-4350
FAX 302-777-4352

**GORDON F. MOORE**
*LL.M. Taxation*
*Also Member of Pennsylvania Bar*

**Email Address:**
gmoore@archerlaw.com

**Direct Dial:**
(856) 354-3087

November 15, 2006

Internal Revenue Service
Cincinnati, OH 45999-0025

**RE:** **Shijian Guo**
**Albert Li**
**SSN: 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**

Dear Sir or Madam:

In response to your CP504 Notice dated October 30, 2006 and the telephone conversation I had with one of your representatives yesterday, enclosed please find a coupon and our firm check in the amount $98.12 in payment of the balance due with respect to the Taxpayers' Form 1040 for 2005. Upon your receipt of this payment, it is my understanding that this account is now paid in full. If that is not correct, please let us know.

Very truly yours,

GORDON F. MOORE

GFM/dag
Enclosures
2405802v1

cc: Mr. Albert Li (w/enclosures)

Please mail this part with your payment, payable to United States Treasury

Notice Number: CP504
Notice Date: 10-30-2006

annex 12

Amount Due: $98.12 ~~$74,055.40~~

write on your check:

| | | |
|---|---|---|
| 1040 | 12-31-2005 | 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 |

Find information about filing and paying taxes at: www.irs.gov
Enter Keyword: filing late (or) paying late

Internal Revenue Service
CINCINNATI, OH 45999-0025

SHIJIAN GUO
5 MARBLE CT
SICKLERVILLE NJ 08081-1684059

123746221 RU LI 30 0 200512 670 00007405540

ORIGINAL DOCUMENT PRINTED ON CHEMICAL REACTIVE PAPER WITH MICROPRINTED BORDER

*ARCHER & GREINER*
**A PROFESSIONAL CORPORATION**
*ONE CENTENNIAL SQUARE*
*EAST EUCLID AVENUE*
*HADDONFIELD, N.J. 08033*

SUN NATIONAL BANK
380 S. LENOLA ROAD
MAPLE SHADE, NJ 08052
55-626/312

234379

PAY NINETY EIGHT AND 12/100 DOLLARS DOLLARS

| CHECK NO. | DATE | CHECK AMOUNT |
|---|---|---|
| 234379 | 11/15/06 | *********98.12 |

TO THE ORDER OF INTERNAL REVENUE SERVICE

ATTORNEY BUSINESS ACCOUNT

BY: [signature]
AUTHORIZED REPRESENTATIVE
VOID 6 MONTHS AFTER DATE OF ISSUANCE

THIS DOCUMENT CONTAINS HEAT SENSITIVE INK. TOUCH OR PRESS HERE - RED IMAGE DISAPPEARS WITH HEAT.

⑈234379⑈ ⑆031206268⑆ ⑈475071467 1⑈

REORDER FROM YOUR LOCAL SAFEGUARD DISTRIBUTOR. CALL (800) 227-9000

7/06 L98BF006

SAFEGUARD LITHO USA

[signature]

annex 13

IRS Department of the Treasury
Internal Revenue Service
P.O. BOX 9019
HOLTSVILLE NY 11742-9019

In reply refer to: 0137624608
Dec. 18, 2006 LTR 672C E0
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 200512 30 000 0
04744
BODC: SB

ALBERT LI & SHIJIAN GUO
5 MARBLE CT
SICKLERVILLE NJ 08081-1684059

00303

Social Security Number: 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
Tax Period(s): Dec. 31, 2005

Form: 1040

Dear Taxpayer:

Thank you for the inquiry dated Nov. 29, 2006.

We applied the payment of $98.12, dated Nov. 15, 2006, to the account identified above, as requested.

Your account is paid in full at this time.

If you have any questions, please call us toll free at 1-800-829-8374.

If you prefer, you may write to us at the address shown at the top of the first page of this letter.

Whenever you write, please include this letter and, in the spaces below, give us your telephone number with the hours we can reach you. Also, you may want to keep a copy of this letter for your records.

Telephone Number (   )______________________ Hours________________

A copy of this letter and any referenced enclosures have been forwarded to your authorized representative(s).

Total

| | | | |
|---|---|---|---|
| Taxpayer: | ALBERT & SHIJIAN GUO LI | Page of | |
| TIN: | 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 | Tax Period(s): | 200512 |

## Accuracy-Related Penalties under IRC 6662

### 20 Percent Penalty – Internal Revenue Code Section 6662(a)

It has been determined that the underpayment of tax shown on line 7 below is attributable to one or more of the following:

(1) Negligence or disregard of rules or regulations;
(2) Substantial understatement of income tax;
(3) Substantial valuation misstatement (overstatement).

Therefore, an addition to tax is imposed as provided by Section 6662(a) of the Internal Revenue Code.

| | |
|---|---|
| 1. Total Underpayment | 71,839.00 |
| 2. Less: Underpayment attributable to non-penalty issues | 0.00 |
| 3. Less: Underpayment attributable to Section 6662A penalty issues | 0.00 |
| 4. Less: Underpayment attributable to Section 6662(h) penalty issues | 0.00 |
| 5. Less: Underpayment attributable to civil fraud penalty issues | 0.00 |
| 6. Less: Allocable prepayment credits | 0.00 |
| 7. Underpayment to which Section 6662(a) applies (Line 1 less the sum of lines 2, 3, 4, 5, and 6) | 71,839.00 |
| 8. Applicable penalty rate | 20.00% |
| 9. Section 6662(a) accuracy-related penalty (Line 7 times line 8) | 14,367.80 |
| 10. Less: Previously assessed/previously agreed Section 6662(a) accuracy-related penalty | 0.00 |
| 11. Total section 6662(a) accuracy-related penalty (Line 9 less line 10) | 14,367.80 |

### 40 Percent Penalty – Internal Revenue Code Section 6662(h)

It has been determined that the underpayment of tax shown on line 7 below is attributable to a gross valuation misstatement (overstatement). Therefore, an addition to tax is imposed as provided by Section 6662(h) of the Internal Revenue Code.

| | |
|---|---|
| 1. Total Underpayment | 71,839.00 |
| 2. Less: Underpayment attributable to non-penalty issues | 0.00 |
| 3. Less: Underpayment attributable to Section 6662A penalty issues | 0.00 |
| 4. Less: Underpayment attributable to Section 6662(a) penalty issues | 71,839.00 |
| 5. Less: Underpayment attributable to civil fraud penalty issues | 0.00 |
| 6. Less: Allocable prepayment credits | 0.00 |
| 7. Underpayment to which Section 6662(h) applies (Line 1 less the sum of lines 2, 3, 4, 5, and 6) | 0.00 |
| 8. Applicable penalty rate | 40.00% |
| 9. Section 6662(h) accuracy-related penalty (Line 7 times line 8) | 0.00 |
| 10. Less: Previously assessed/previously agreed Section 6662(h) accuracy-related penalty | 0.00 |
| 11. Total section 6662(h) accuracy-related penalty (Line 9 less line 10) | 0.00 |

Annex 19

Second payment

$ 71,508.54

I put an incorrect SS#, the correct one is 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

ALBERT LI
SHIJIAN GUO
5 MARBLE CT.
SICKLERVILLE, NJ 08081-1684

103

Date 10/18/2008

Pay to the Order of The U.S. Treasury $ 71,508.54

Seventy-one thousand, five hundred, eight and 54/100 Dollars

Citizens Bank

SS# 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 → correct 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

Tax Period 2005

For ~~856-728-5275~~

⑆036076150⑆ 6222904851⑈ 0103

Today Payment

$ 400.72

SHIJIAN GUO
5 MARBLE COURT
SICKLERVILLE, NJ 08081-1684

55-7265/212 769
9341598021

111

Date 10/21/08

Pay to the order of The U.S. Treasury $ 400.72

Four handred & 72/xx Dollars

citibank
CITIBANK, N.A. BR. #769
1515 LOCUST STREET
PHILADELPHIA, PA 19102

856-522-9958

Memo 2005, Tax Period 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

⑆021272655⑆ 9341598021⑈ 0111

Total is $86909.26.

Annex 20

*031000040*
11/21/2008
6410619446

This is a LEGAL COPY of your check. You can use it the same way you would use the original check.

11/20/2008
[C091000022]
0050221167526

SHIJIAN GUO
ALBERT LI
5 MARBLE CT.
SICKLERVILLE, NJ 08081

Daytime Tel. 856-728-5275

1002

Date 11/17/2008

Pay to the Order of United States Treasury United States Treasury $ 632.20

Six hundred thirty-two and 20/100 Dollars

Citizens Bank

SS# 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

For 2005 Period

⑆036076150⑆ 6214920401⑈ 1002 ⑈0000063220⑈

⑆036076150⑆ 6214920401⑈ 1002 ⑈0000063220

Annex 20

08081 IRS USE ONLY SB W 0 S

Department of the Treasury
Internal Revenue Service
P.O. Box 9002
Holtsville, NY 11742-9002

For assistance, call:
1-800-829-8374

**Notice Number:** CP22E
**Date:** October 20, 2008

**Taxpayer Identification Number:**
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
**Tax Form:** 1040
**Tax Year:** December 31, 2005

014850.497731.0053.002 2 AT 0.471 1023

SHIJIAN GUO
5 MARBLE CT
SICKLERVILLE NJ 08081-1684059

| Amount You Owe as of November 10, 2008 |
|---|
| $86,909.26 |

14850

For account of: ALBERT LI & SHIJIAN GUO

## We Changed Your Account

*We will explain why you received this notice, how we changed your account, how this change affects you, and actions you may wish to take.*

## Why You Received This Notice

We changed your 2005 federal income tax return because of your recent audit. Please see your copy of the report for a detailed explanation. As a result of the audit you owe an additional amount.

The law requires us to send a copy of this notice to both you and your spouse. Each copy contains the same information about your joint account. Please pay the amount you owe only once.

## How We Changed Your Account

We changed your account as follows:

| | |
|---|---|
| **Account balance before the audit** | **$15,000.00 CR** |
| Increase in tax because of audit | $71,839.00 |
| Interest charged | $15,702.46 |
| **Amount you now owe** | **$86,909.26** |

71909.26
72541.76
632.50

### How This Affects You

The amount you owe includes interest.

Please pay the full amount by November 10, 2008 to avoid additional penalty and interest. When making your payment:

- Make your check or money order payable to the **United States Treasury**
- Write the Social Security number and tax year shown at the top of this notice on the check or money order

Brookhaven Service Center 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 Tax Period: December 31, 2005

**CUT OUT AND RETURN THE VOUCHER IMMEDIATELY BELOW IF YOU ONLY HAVE AN INQUIRY. DO NOT USE IF YOU ARE MAKING A PAYMENT.**

**CUT OUT AND RETURN THE VOUCHER AT THE BOTTOM OF THIS PAGE IF YOU ARE MAKING A PAYMENT, EVEN IF YOU ALSO HAVE AN INQUIRY.**

014849

CUT HERE

Return this voucher with your inquiry or correspondence.

Your Telephone Number: ( )_____-__________ Best Time to Call: _____AM_____PM

344,028 313,152 0

☐ **Correspondence enclosed:**

- Write your Taxpayer Identification Number, tax period and tax form number on your inquiry or correspondence

Crishnan

ID: 5909401

SB 200841 40 49247-670-00333-8

22E Internal Revenue Service
P.O. Box 9002
Holtsville, NY 11742-9002

ALBERT LI
5 MARBLE CT
SICKLERVILLE NJ 08081-1684059

William Cred.
ID 0792770

123746221 RU LIOO 30 0 200512 670 00008690926

CUT HERE

Return this voucher with your payment or correspondence.

Your Telephone Number: ( )_____-__________ Best Time to Call: _____AM_____PM

344,028 313,152 0

**Amount you owe: $86,909.26**

- You will avoid additional penalties and/or interest if we receive your full payment by **November 10, 2008**

☐ **Amount enclosed:** $ 400.72

- Make payable to United States Treasury
- Write Taxpayer Identification Number, tax period and tax form number on payment

☐ **Correspondence enclosed**

$632.20
2005 Tax

SB 200841 40 49247-670-00333-8

22E Internal Revenue Service
Cincinnati, OH 45999-0149

ALBERT LI
5 MARBLE CT
SICKLERVILLE NJ 08081-1684059

123746221 RU LIOO 30 0 200512 670 00008690921

**Internal Revenue Service**
PO Box 12190
Ogden, UT 84412

**Department of the Treasury**

**Person to Contact:**
Jessica Talbot
Employee ID Number: 0099910
Tel: (801) 620-7844
Fax: 801-620-3272
**Refer Reply to:**
AP:CO:OGC:JST
**In Re:**
Penalty Appeals
**SSN/EIN Number:**
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
**Amount of Assessed Penalty(s):**
$ 18.980.20
**I.R.C. Section(s):**
6662(a) – Accuracy related penalty
**Tax Period(s) Ended:**
12/31/2005, 12/31/2006

Date: November 20, 2009

ALBERT LI & SHIJIAN GUO
5 MARBLE CT.
SICKLERVILLE, NJ 08081

Mr. Li and Mrs. Guo:

Your case has been referred to me for consideration of your protest concerning the subject penalty. My job as an Appeals Officer is to consider this dispute and attempt to resolve it within the framework of the law and judicial decisions. I have completed my review and will let this letter serve as my preliminary determination in this matter.

You argue that that the subject penalties should be waived within the protective framework of reasonable cause. You state that the failure to include Schedule K-1 flow-through income from Synergetica International, Inc. on your 2005 and 2006 tax returns was not intentional and due to a legitimate dispute you had with your partner, Michael Su. You contend that you did not receive distributions from Synergetica International, specifically the amounts listed as ordinary income on the Schedules K-1. You note that although you included the K-1 income originally on your 2005 return, the Service agreed to remove this income from your return in exchange for a settlement of $98.12. This agreement was later changed when the Service audited your 2005 return and pursued the K-1 income. In addition, you have provided copies of your on-going litigation with Mr. Su and Synergetica International to support your contention that there was no constructive receipt of monies owed to you. It is based on these facts that relief is requested.

Internal Revenue Code § 6662(a) provides for the assertion of the accuracy related tax penalty unless the taxpayer can establish that the failure was due to reasonable cause and not due to willful neglect. I seldom find that a taxpayer is willfully negligent. As for a finding of reasonable cause, the waters are less clear and close examination of the facts is required. The Supreme Court has provided us with some guidance in making

this evaluation. As held in United States v. Boyle, 85-1 USTC ¶ 13602 (S. Ct. 1985), the Courts has said that reasonable cause must be determined based on the demonstration of the taxpayer that he exercised "ordinary business care and prudence" but nevertheless was unable to comply with the law. The bright line test drawn by the Court in the Boyle case, a test consistent with the law and interpretative regulations, is that holding taxpayers to a standard of due business care is critical to the effective administration of our voluntary tax system. The government has millions of taxpayers to monitor, and our tax system simply will not work unless taxpayers voluntarily comply with the rules and the law and continually practice this standard of due care.

First, with regard to the 2006 case – my review shows that you did not come to agreement with the examiner nor did you petition the US Tax Court for redetermination during the 90-day Statutory Notice of Deficiency period. The tax, penalty and interest were assessed through default. This "default" does not preclude you from seeking redetermination of the accuracy related penalty. My review of the facts of your case fails to establish that you had reasonable cause for failing to include the income reported to you via Schedule K-1. Your argument that you did not receive any distributions nor did you believe that you would ever receive any distributions is without merit. Income received as flow-through income from a partnership or S corporation does not always represent a cash distribution to the partner – the income may be retained by the business and any payout, or lack thereof, is irrelevant for purposes of taxation. The matter of whether that income or a portion of it should have been actually paid to you is a civil matter between you and the corporation itself. I note that you were engaged in litigation with Mr. Su for a period of time. It was unreasonable for you to not include this income on your return until such time as the matter had been resolved and if successful, by order of the Court amendments to the Form 1120/K-1s required.

With regard to the 2005 tax years, it is your contention that the Service originally settled this issue via letter 672C for $98.12. Letter 672C is simply an automated letter that acknowledges a payment that satisfied an account. It is in no way a formal settlement or offer in compromise. My review of your 2005 account shows that you initiated the amended return and stated *"The S corporation income originally reported has been omitted from this amendment due to the fact that this income will not be distributed to the shareholder and the company will not distribute it at any future period."*

As noted above flow through income from a partnership or S corporation does not have to be constructively received. The Service, upon review of the information return, determined that this income should be included on your return and an audit was conducted. My review of those audit papers shows that you and your wife both signed the consent to the immediate assessment and collection of the tax, penalties and interest AND waived your appeal rights with the Internal Revenue Service or to contest the findings of the report in the United States Tax Court. This waiver was signed by you on July 16, 2008.

However, even if I could consider the 2005 penalty, I would find that no reasonable cause exists for the reasons noted in my review of your 2006 accuracy related penalty.

Based on the facts of this case in combination with the laws as interpreted by the Courts, it is my determination to sustain the government's position to impose the accuracy related penalties. I will allow you an opportunity to respond to this letter and my rationale. However, if you do not respond on or before December 4, 2009, I plan to deny relief and close your case. Your next level of appeal would be to file with either the United States District Court or the United States Claims Court. You may file a claim on Form 843 with the Service Center that processed the applicable return. Include a statement that your claim be immediately disallowed. You will then be issued a notice of claim disallowance. You will have two years from the date of this formal claim disallowance to bring formal suit.

If you have any further questions on this matter, please call me at the telephone number shown above.

Sincerely,

Jessica Talbot
Appeals Officer

cc: Edward M. Oberman

**Internal Revenue Service**
PO Box 12190
Ogden, UT 84412

Date: January 19, 2010

ALBERT LI & SHIJIAN GUO
5 MARBLE CT.
SICKLERVILLE, NJ 08081

**Department of the Treasury**

**Person to Contact:**
Jessica Talbot
Employee ID Number: 0099910
Tel: (801) 620-7844
Fax: 801-620-3272
**SSN/EIN Number:**
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
**Amount of Assessed Penalty(s):**
$ 18.980.20
**I.R.C. Section(s):**
6662(a) – Accuracy related penalty
**Tax Period(s) Ended:**
12/31/2005, 12/31/2006

Mr. Li and Mrs. Guo:

Thank you for your reply received December 22, 2009 in which you have indicated that you do not agree with my determination and have provided additional comment regarding that determination. This letter will serve as my final determination in this matter.

As I noted in my previous letter, the role of Appeals is to consider your dispute and attempt to resolve it within the framework of the law and judicial decisions. There is nothing in the information you provided that allows me to waive the accuracy related penalty assessed against you due to reasonable cause, nor am I able to find any Court decision that would support your reasons for not including the income. Therefore, it remains my determination to sustain the government's position to sustain the accuracy related penalty.

Your next level of appeal would be to file with either the United States District Court or the United States Claims Court. You may file a claim on Form 843 with the Service Center that processed the applicable return. Include a statement that your claim be immediately disallowed. You will then be issued a notice of claim disallowance. You will have two years from the date of this formal claim disallowance to bring formal suit.

Sincerely,

Jessica Talbot
Appeals Officer

cc: Edward M. Oberman

B. Enactment of legislation or ratification of a tax treaty;

C. A U.S. Supreme Court decision;

D. The issuance of temporary or final regulations; or

E. The publication of a revenue ruling, revenue procedure, or other statement in the Internal Revenue Bulletin.

7. Generally, Form 843, Claim for Refund and Request for Abatement, is required to be filed to request penalty abatement based on erroneous advice.. However, if Form 843 is not filed and the information provided demonstrates that abatement of the penalty is warranted, the penalty should be abated, whether or not a Form 843 is provided.

**20.1.1.3.2.4.1 (02-22-2008)**
**Written Advice from the IRS**

1. The IRS is required by IRC section 6404(f) and Treas. Reg. 301.6404–3 to abate any portion of any penalty attributable to erroneous written advice furnished by an officer or employee of the IRS acting in their official capacity.

2. If the taxpayer does not meet the criteria for penalty relief under IRC section 6404(f), the taxpayer may qualify for other penalty relief. For instance, taxpayers who fail to meet all of the above criteria may still qualify for relief under reasonable cause if the IRS determines that the taxpayer exercised ordinary business care and prudence in relying on the IRS's written advice.

3. Penalties abated as a result of reliance on erroneously written advice from the IRS should be identified by **PRC 044**, Statutory Exception.

**20.1.1.3.2.4.2 (02-22-2008)**
**Oral Advice from IRS**

1. The IRS may provide penalty relief based on a taxpayer's reliance on erroneous oral advice from the IRS. The IRS is required by IRC section 6404(f) and Treas. Reg. 301.6404–3 to abate any portion of any penalty attributable to erroneously **written** advice furnished by an employee acting in their official capacity. Administratively, the IRS has extended this relief to include erroneous oral advice when appropriate.

2. In addition to considering the criteria provided in Treas. Reg. 301.6404–3, consider the following:

   A. Did the taxpayer exercise ordinary business care and prudence in relying on that advice?

   B. Was there a clear relationship between the taxpayer's situation, the advice provided, and the penalty assessed?

   C. What is the taxpayer's prior tax history and prior experience with the tax requirements?

   D. Did the IRS provide correct information by other means (such as tax forms and publications)?

   E. What type of supporting documentation is available?

3. The following are types of supporting documentation:

   A. A notation of the taxpayer's question to the IRS,

   B. Documentation regarding the advice provided by the IRS,

   C. Information regarding the office and method by which the advice was obtained,

- Why was the taxpayer unable to pay?
- Did the taxpayer explore other means to secure the necessary funds?
- What did the taxpayer supply in the way of supporting documentation, such as copies of bank statements?
- Did the taxpayer pay when the funds became available?

7. An abatement of a penalty because the taxpayer experienced an "undue hardship" is identified by the use of **PRC 029**.

**20.1.1.3.2.4 (02-22-2008)**
**Advice**

1. This section discusses three basic types of advice:

   A. Written advice provided by IRS

   B. Oral advice provided by IRS

   C. Advice provided by a tax professional

2. Information to consider when evaluating a request for abatement or non-assertion of a penalty due to reliance on advice includes, but is not limited to, the following:

   A. Was the advice in response to a specific request and was the advice received related to the facts contained in that request?

   B. Did the taxpayer reasonably rely on the advice?

3. The following instances address some situations where penalty relief may not be appropriate even though the taxpayer relied on written advice from the IRS regarding an item on a filed return.

   A. The taxpayer did not reasonably rely on the advice regarding an item **included on a return** if the advice was received after the date the return was filed;

   **Note:**

   A taxpayer may be considered to have reasonably relied on advice received after the return was filed if they then filed an amended return that conformed with such written advice

   B. A taxpayer may not be considered to have reasonably relied on written advice **unrelated**to an item included on a return, such as advice on the payment of estimated taxes, if the advice is received after the estimated tax payment was due.

4. Did the taxpayer provide the IRS or the tax professional with adequate and accurate information?

5. The taxpayer is entitled to penalty relief for the period during which they relied on the advice. The period continues until the taxpayer **is placed on notice**that the advice is no longer correct or no longer represents the Service's position.

6. The taxpayer is **placed on notice**as the result of any of the following events that present a contrary position and occur after the issuance of the written advice:

   A. Written correspondence from the IRS that its advice is no longer correct or no longer represents the IRS's position;

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN DIVISON

RECEIVED
NOV - 5 2010
AT 8:30 M
WILLIAM T. WALSH
CLERK

Title of the Action

Tax Penalty for the Year of 2005

Albert Li and Shijian Guo

Plaintiffs

CIVIL ACTION

v.

Internal Revenue Service

Defendant

DEMANDED

Mr. Li and Ms. Guo respectfully ask Judge and Jury remove the penalty of the 2005 tax return $17,130 due to reasonable cause

JURY TRIAL DEMANDED

## COMPLAIN

Plaintiffs, Albert Li and Shijian Guo, bring this action and respectfully allege:

1. Mr. Li and Ms. Guo respectfully request to abate their penalty for 2005 tax return.

## PARTIES

1. Plaintiffs are citizens of the United States and resides at 5 Marble Ct. Sicklerville, NJ 08081
2. Defendant is Internal Revenue Service

## JURISDICTION AND VENUE

3. Jurisdiction is Camden District

Plaintiffs Signature ____________

STATEMENT OF CLAIM

4. Background: In January 2006, Mr. Li, a 45% shareholder, had a dispute with his partner Mr. Su, a 55% shareholder, in the court DKT No. C-13-06. In an attempt to force Mr. Li out of Synegetica International Inc (SII), Mr. Su filed $198,770.00 Mr. Li 2005 K-1 form without actual distribution. Mr. Li had an immediate 2005 tax liability of $71,839.00 without actual income. Mr. Li and Ms. Guo immediately sought IRS advices before filing all of the paperwork. They fully followed IRS agent advices and instructions for all of the subsequent tax returns.

5. On April 17, 2006, IRS representative (agent name and ID unknown) informed them that K-1 must be included in their income tax return regardless actual distribution, Following the new IRS instruction, Mr. Oberman, Mr. Li and Ms. Guo's accountant, filed their 2005 tax return that included K-1 $198,760.00 in their 2005 income on April 25, 2006. **(Exhibit A 1040 Schedule E dated 04/25/2006)**

6. On September 14, 2006, IRS requested the full payment $72,666.76 by September 29, 2006. Without income to pay for this large tax liability, Ms. Guo called IRS on September 15 2006. The five IRS representatives gave them the same advice. All five IRS representatives advised Ms. Guo to exclude K-1 from 2005's income by filing an amended return based on the fact that they are cash based taxpayers and the money reported on K-1 are not actually distributed. The five representatives are: Ms. Santos (ID unknown), Ms. Palmer (ID 7516524), Mr. Kuhn (ID 1607021), Mr. Darby (ID 9301451), and Ms. Hailton (ID 5903363) **(Exhibit B Original record of calling IRS on September 15, 2006)**

7. Followed IRS representatives' advice, Mr. Li and Ms. Guo Filed 1040X, amendment tax return, On September 16, 2006, Mr. Oberman specifically explained the reasons for the change on part II: "*the S corporation income*

*originally reported has been omitted from this amendment due to the fact that this income will not be distributed to the shareholder, and the company will not distribute it at any future period.*" **(Exhibit C 1040X form)** When Ms. Guo mailed Form 1040X on September 18, 2006, she attached a letter explaining the situation. **(Exhibit D Ms. Guo's letter of September 18, 2006 enclosed 1040X)**

8. On October 30, 2006, IRS sent a notice **(CP504)**; and said "*IRS intends to levy on certain assets within ten days*". On November 14, 2006 Mr. Li and Ms. Guo requested Mr. Gordon More, their tax lawyer and POA, to contract IRS. By phone, IRS agent agreed to settle the 2005 tax for $98.12 with Mr. Li and Ms. Guo. IRS sent a confirmation notice of this change **(CP22A)** dated November 27, 2006. **(Exhibit E IRS Settlement letter CP22A) Next day,** Mr. Golden also wrote a letter to IRS to confirm that the amendment of 2005 was correct. His letter said: "*In response to your CP504 Notice dated October 30, 2006 and telephone conversation I had with one of your representatives yesterday, enclosed please find a coupon and our firm check in the amount $98.12 in payment of the balance due with respect to the Taxpayers' Form 1040 for 2005. Upon your receipt of this payment, it is my understanding that this account is now paid in full. If that is not correct, please let us know.*" **(Exhibit F Letter written y Mr. Golden and the copy of firm check)**

9. On December 18, 2006 IRS sent the letter (Notice LTR 672C) to confirm the settlement. It said: "*Your account is paid in full at this time.*" **(Exhibit G the letter of December 18, 2006 LTRC E0)** At this point, Mr. Li and Ms. Guo believed that all 2005 tax liabilities have been paid in full since they are cash basis taxpayers. They should not report unpaid K-1 money to their income and pay K-1 tax.

10. IRS audited Mr. Li and Ms. Guo 2005 tax return on April 28, 2008. (LTR 915). It said that "*it is determined that your distributable share of ordinary income from an S corporation is increased.*" "*Accordingly, your taxable income is increased*

*for your corrected distributable share of income." "In addition, accuracy-related penalties under IRC 6662 20% penalty ($14,367.80)... are imposed."* **(Exhibit H IRC 6662 Date Tax Computation Last Generated 04/28/2008)**

11. Following IRS' new instruction, Mr. Li and Ms. Guo agreed and paid in full of their tax and interest for 2005 tax return on time as soon as Mr. Li received his settlement fund by sold his share of SII, but they requested to abate their penalty due to the reasonable cause. **(Exhibition I Three Copies of Checks for full Payment of Tax Year 2005)**.

12. Ms. Talbot, the case officer of IRS, disallowed their request in the letters of November 20, 2009 and January 9, 2010. **(Exhibit J Ms. Talbot Letters of November 20, 2009 and January 19, 2010)**

**Conclusion**

Mr. Li and Ms. Guo fully relied on IRS advice and fulfilled their tax obligations in a timely manner. The amendment of 2005 tax return was a result due to IRS' erroneous oral and written advice. Therefore, Mr. Li and Ms. Guo respectfully ask Judge and Jury remove the penalty of the 2005 tax return $17,130 due to reasonable cause 20.1.1.3.2.4.2 (02-22-2008), 20.1.1.3.2.4.1 (02-22-2008) and *20.1.1.3.24 (02-22-2008): Advice* 5. **(Exhibit K Copy of the Reasonable Cause** 20.1.1.3.2.4.1; 20.1.1.3.2.4.2 (02-22-2008) and *20.1.1.3.24*)

Schedule E (Form 1040) 2005 Attachment Sequence No. **13** Page

| Name(s) shown on return. Do not enter name and social security number if shown on other side. | Your social security number |
|---|---|
| ALBERT LI & SHIJIAN GUO | 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 |

**Caution.** The IRS compares amounts reported on your tax return with amounts shown on Schedule(s) K-1.

## Part II Income or Loss From Partnerships and S Corporations

**Note.** If you report a loss from an at-risk activity for which **any** amount is **not** at risk, you **must** check the box in column **(e)** on line 28 and attach **Form 6198.** See page E-1.

27 Are you reporting any loss not allowed in a prior year due to the at-risk or basis limitations, a prior year unallowed loss from a passive activity (if that loss was not reported on Form 8582), or unreimbursed partnership expenses? If you answered "Yes," see page E-6 before completing this section. ☐ Yes ☒ No

| 28 | (a) Name | (b) Enter P for partnership; S for S corp. | (c) Check if foreign partnership | (d) Employer identification number | (e) Check if any amount is not at risk |
|---|---|---|---|---|---|
| A | SYNERGETICA INTERNATIONAL, INC. | S | ☐ | 22-3652695 | ☐ |
| B | | | ☐ | | ☐ |
| C | | | ☐ | | ☐ |
| D | | | ☐ | | ☐ |

| | Passive Income and Loss | | Nonpassive Income and Loss | | |
|---|---|---|---|---|---|
| | (f) Passive loss allowed (attach **Form 8582** if required) | (g) Passive income from **Schedule K-1** | (h) Nonpassive loss from **Schedule K-1** | (i) Section 179 expense deduction from **Form 4562** | (j) Nonpassive income from **Schedule K-1** |
| A | 0 | | | | 198,76( |
| B | | | | | |
| C | | | | | |
| D | | | | | |
| 29a Totals | | | | | 198,76( |
| b Totals | | | | | |

| | | | |
|---|---|---|---|
| 30 | Add columns (g) and (j) of line 29a | 30 | 198,76( |
| 31 | Add columns (f), (h), and (i) of line 29b | 31 | ( ) |
| 32 | **Total partnership and S corporation income or (loss).** Combine lines 30 and 31. Enter the result here and include in the total on line 41 below | 32 | 198,76( |

## Part III Income or Loss From Estates and Trusts

| 33 | (a) Name | (b) Employer identification number |
|---|---|---|
| A | | |
| B | | |

| | Passive Income and Loss | | Nonpassive Income and Loss | |
|---|---|---|---|---|
| | (c) Passive deduction or loss allowed (attach **Form 8582** if required) | (d) Passive income from **Schedule K-1** | (e) Deduction or loss from **Schedule K-1** | (f) Other income from **Schedule K-1** |
| A | | | | |
| B | | | | |
| 34a Totals | | | | |
| b Totals | | | | |

| | | | |
|---|---|---|---|
| 35 | Add columns (d) and (f) of line 34a | 35 | |
| 36 | Add columns (c) and (e) of line 34b | 36 | ( ) |
| 37 | **Total estate and trust income or (loss).** Combine lines 35 and 36. Enter the result here and include in the total on line 41 below | 37 | |

## Part IV Income or Loss From Real Estate Mortgage Investment Conduits (REMICs)-Residual Holder

| 38 | (a) Name | (b) Employer identification number | (c) Excess inclusion from **Schedules Q,** line 2c (see page E-6) | (d) Taxable income (net loss) from **Schedules Q,** line 1b | (e) Income from **Schedules Q,** line 3b |
|---|---|---|---|---|---|
| | | | | | |

39 Combine columns (d) and (e) only. Enter the result here and include in the total on line 41 below | 39 |

## Part V Summary

| | | | |
|---|---|---|---|
| 40 | Net farm rental income or (loss) from **Form 4835.** Also, complete line 42 below | 40 | |
| 41 | **Total income or (loss).** Combine lines 26, 32, 37, 39, and 40. Enter the result here and on Form 1040, line 17 ▶ | 41 | 204,57( |
| 42 | **Reconciliation of farming and fishing income.** Enter your **gross** farming and fishing income reported on Form 4835, line 7; Schedule K-1 (Form 1065), box 14, code B; Schedule K-1 (Form 1120S), box 17, code N; and Schedule K-1 (Form 1041), line 14, code F (see page E-7) | 42 | |
| 43 | **Reconciliation for real estate professionals.** If you were a real estate professional (see page E-1), enter the net income or (loss) you reported anywhere on Form 1040 from all rental real estate activities in which you materially participated under the passive activity loss rules | 43 | |

DAA **Schedule E (Form 1040) 200**

Ms. Pa...

214-413-6711

90/day

Mr. Kuhn 1607021

9/15/2006

~~Co~~ Covered page.

M

1648

August 23, 2006

From: Albert Li
5 Marble Ct. Sicklerville, NJ 08081
TeL;856-728-5275

To: IRS
Ms. Harris Nikia
Fax 215-516-3413

Mr. Darby 9301451

Dear Ms. Nikia,

I'll fax you the following information as the followings:

1. Form 433-F P. 1
2. A Details for Sections A and F P.2
3. Citizens Bank records for three month P 3- 8
4. Wachovia Bank record P. 9
5. Public School Employees' Retirement P. 9-10
6. Lincoln Investment Planning Inc P.11 (This is the latest I have)
7. INDEX P.12-13
8. Prudential IRA P. 14-15
9. TIAA CREF P. 16
10. Wage Biweekly (I calculate by month) and add earning for summer school P 17
11. A letter to explain my current case and my new attorney's information P. 18
12. **Injured Spouse Allocation Form 8379 and the letter from my Accounting Firm Edward M. Oberman. According to my Accounting Firm's letter, Shijian Guo will receive the tax refund $3,350. So far, she has not received any information about Injured Spouse Allocation from IRS. Albert Li owes to IRS now in Albert's tax return should count as after IRS refund Shijian Guo overpaid. If you will not refund Shijian Guo $3,350, you should deduct $3,350 from the amount of debit. If you decide not to refund $3,350 to Shijian Guo, please let me know the reasons. P. 19-20**

Why do
Com. report
you did not
received
not file.
not accurat.

Did not
receive.

Thank you for help me to solve this problem.

I. R. S
Fresno. CA 93888

Albert Li

P.S. Credit Cards.
Shijian Guo has excellent credit history. She took APR% and 1.99% advateges from Discover and Citi ~~to~~ for our living and. Attorney fee now. So the credit cards balance are very high.

[signature]

..BERT LI & SHIJIAN GUO 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

rm 1040X (Rev. 11-2005) Page 2

**Part I Exemptions.** See Form 1040 or 1040A instructions.

Complete this part **only** if you are:

- Increasing or decreasing the number of exemptions claimed on line 6d of the return you are amending, or
- Increasing or decreasing the exemption amount for housing individuals displaced by Hurricane Katrina.

| | Line | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|
| Yourself and spouse | 25 | 2 | | 2 |
| **Caution.** If someone can claim you as a dependent, you cannot claim an exemption for yourself. | | | | |
| Your dependent children who lived with you | 26 | 1 | | 1 |
| Your dependent children who did not live with you due to divorce or separation | 27 | 0 | | |
| Other dependents | 28 | 1 | | 1 |
| Total number of exemptions. Add lines 25 through 28 | 29 | 4 | | 4 |
| Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | 30 | 0 | 12,800 | 12,800 |
| If you are claiming an exemption amount for housing individuals displaced by Hurricane Katrina, enter the amount from Form 8914, line 2 (see instructions for line 4) | 31 | 0 | | |
| Add lines 30 and 31. Enter the result here and on line 4 | 32 | | 12,800 | 12,800 |

| Tax year | Exemption amount | But see the instructions for line 4 on page 3 if the amount on line 1 is over: |
|---|---|---|
| 2005 | $3,200 | $109,475 |
| 2004 | 3,100 | 107,025 |
| 2003 | 3,050 | 104,625 |
| 2002 | 3,000 | 103,000 |

33 Dependents (children and other) not claimed on original (or adjusted) return:

| (a) First name | Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) Check if qualifying child for child tax credit (see page 5) |
|---|---|---|---|---|
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |

No. of children on 33 who:
- lived with you ........ ▶ ☐
- did not live with you due to divorce or separation (see page 5) ...... ▶ ☐

Dependents on 33 not entered above ▶ ☐

**Part II Explanation of Changes**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

..e change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form ..t shows the year in which the loss or credit occurred. See page 2 of the instructions. Also, check here ........ ▶ ☐

LINE 1: THE S CORPORATION INCOME ORIGINALLY REPORTED HAS BEEN OMMITTED FROM THIS AMENDMENT DUE TO THE FACT THAT THIS INCOME WILL NOT BE DISTRIBUTED TO THE SHAREHOLDER, AND THE COMPANY WILL NOT DISTRIBUTE IT AT ANY FUTURE PERIOD. IF THERE ARE ANY QUESTIONS, PLEASE CALL OUR ACCOUNTANT EDWARD M. OBERMAN, CPA AT 856-875-5300.

**Part III Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

..ou did not previously want $3 to go to the fund but now want to, check here ........ ▶ ☐

..joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here ........ ▶ ☐

September, 18, 2006

From: Albert Li and Shijian Guo
SS#: 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 and 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
Address: 5 Marble Ct. Sicklerville, NJ 08081
Tel: 857-728-5275; Cell: 215-869-7025; Fax: 856-728-7417

To: State of NJ/Division of Taxation
Revenue processing Center
PO Box 111
Trenton, NJ 08645-0111

Dear Sir or Madam,

Mr. Li and I filed our personal tax return for 2005, which included the K-1 $198,760 which Synergetica International Inc notified Mr. Li of on April 17, 2006. Not only was the timing of this notice both late and inconvenient, but Synergetica International Inc never paid that amount to Mr. Li. Therefore, we filed 1040X Amended U.S. Individual Income Tax Return to correct our 1040 U.S. Individual Income Tax Return for 2005, indicating that the amount of $198,760 was never paid.

On April 17th 2006, Ms. Guo called IRS immediately after receiving the fax of K-1 Form 1120s from Synergetica Inc. about the K-1 allocation which was not paid. She was told that even though the K-1 money was not received, she would still have to file it in the tax return and pay tax on the K-1. Per the instructions, we included the K-1 $198,760 in our tax return file. Since then, we have been asked by the IRS multiple times to pay the tax owed on the K-1 amount with money that we do not have, have not received, and may not receive due to current litigation involving Synergetica Inc.

Due to the repeated requests for the full payment of $72,666.76, on September 29th, 2006. I called the IRS to ask for help in solving our tax problem and for options regarding my interests as an Innocent Spouse.

After I spoke with Ms. Santos, Ms. Palmer ID 7516524, Mr. Kuhn ID 1607021, Mr. Darby ID 9301451, and Ms. Hailton ID 5903363 I realized that we should not have added the K-1 $198,760 to our income, because the amount of $ 198,760.00 was never paid to Mr. Li. In order to correct the mistake in our tax return for 2005, we filed 1040X Amended U.S. Individual Personal Tax Return.

Now Mr. Michael Heng Su solely controls Synergetic International Inc.. In the Synergetica Inc. tax return, Michael Su indicated that the K-1 was distributed to Mr. Li, however, the money was never paid to him. I believe Mr. Su's action constitutes tax fraud. Synergetica's tax ID is 22-365-2695.

I hope that the IRS will immediately investigate this situation and resolve us of the tax on the K-1 amount.

If you have any questions, please feel free to contact myself or Mr. Li's attorney:
Mr. Martin, A. Joseph, Archer & Greiner P.C. Direct Dial: 856-354-3136, Fax: 856-759-0574

I, Ms. Guo, certify that the above statements are true. I am aware that if any of the statement is willfully false, I am subject to punishment.

Shijian Guo

Department of the Treasury
**Internal Revenue Service**
P.O. Box 9019
Holtsville, NY 11742-9019

Annex B. IRS Notice letter.

For assistance, call:
1-800-829-8374

**Notice Number:** CP22A
**Date:** November 27, 2006

**Taxpayer Identification Number:**
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
**Tax Form:** 1040
**Tax Year:** December 31, 2005

017151.290044.0077.002 1 AT 0.308 926

SHIJIAN GUO
5 MARBLE CT
SICKLERVILLE NJ 08081-1684059

| Amount You Owe as of December 18, 2006 |
|---|
| $98.12 |

017151

For account of: ALBERT LI & SHIJIAN GUO

## We Changed Your Account

28254-672-99000-6

*We will explain why you received this notice, how we changed your account, how this change affects you, and actions you may wish to take.*

## Why You Received This Notice

As you requested, we changed your account for 2005 to correct your Schedule E income (or loss).

The law requires us to send a copy of this notice to both you and your spouse. Each copy contains the same information about your joint account. Please pay the amount you owe only once.

## How We Changed Your Account

We changed your account as follows:

| | | |
|---|---|---|
| **Account balance before this change** | **$69,982.20** | **Due** |
| Decrease in tax because of this change | $68,638.00 | CR |
| The Late Payment penalty previously charged was reduced | $678.30 | CR |
| Decrease in interest previously charged* | $567.78 | CR |
| **Amount you now owe** | **$98.12** | |

*If you claimed a tax deduction for this interest, remember to report it as income on your next tax return.

ARCHER & GREINER
A PROFESSIONAL CORPORATION

COUNSELLORS AT LAW

ONE CENTENNIAL SQUARE
HADDONFIELD, NJ 08033-0968
856-795-2121
FAX 856-795-0574

www.archerlaw.com

*PRINCETON OFFICE*
700 ALEXANDER PARK
SUITE 102
PRINCETON, NJ 08540
609-580-3700
FAX 609-580-0051

*FLEMINGTON OFFICE*
PLAZA ONE
1 STATE ROUTE 12, SUITE 201
FLEMINGTON, NJ 08822-1722
908-788-9700
FAX 908-788-7854

*PHILADELPHIA OFFICE*
ONE SOUTH BROAD STREET
SUITE 1620
PHILADELPHIA, PA 19107
215-963-3300
FAX 215-963-9999

*WILMINGTON OFFICE*
300 DELAWARE AVENUE
SUITE 1370
WILMINGTON, DE 19801
302-777-4350
FAX 302-777-4352

**GORDON F. MOORE**
*LL.M. Taxation*
*Also Member of Pennsylvania Bar*

**Email Address:**
gmoore@archerlaw.com

**Direct Dial:**
(856) 354-3087

November 15, 2006

Internal Revenue Service
Cincinnati, OH 45999-0025

**RE: Shijian Guo**
**Albert Li**
**SSN: 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**

Dear Sir or Madam:

In response to your CP504 Notice dated October 30, 2006 and the telephone conversation I had with one of your representatives yesterday, enclosed please find a coupon and our firm check in the amount $98.12 in payment of the balance due with respect to the Taxpayers' Form 1040 for 2005. Upon your receipt of this payment, it is my understanding that this account is now paid in full. If that is not correct, please let us know.

Very truly yours,

GORDON F. MOORE

GFM/dag
Enclosures
2405802v1

cc: Mr. Albert Li (w/enclosures)

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date: 10-30-2006

write on your check:

| | | |
|---|---|---|
| 1040 | 12-31-2005 | 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 |

Find information about filing and paying taxes at: www.irs.gov
Enter Keyword: filing late (or) paying late

Amount Due: $98.12 ~~$74,035.40~~

Internal Revenue Service
CINCINNATI, OH 45999-0025

SHIJIAN GUO
5 MARBLE CT
SICKLERVILLE NJ 08081-1684059

123746221 RU LI 30 0 200512 670 00007405540

ORIGINAL DOCUMENT PRINTED ON CHEMICAL REACTIVE PAPER WITH MICROPRINTED BORDER

ARCHER & GREINER
A PROFESSIONAL CORPORATION
ONE CENTENNIAL SQUARE
EAST EUCLID AVENUE
HADDONFIELD, N.J. 08033

SUN NATIONAL BANK
380 S. LENOLA ROAD
MAPLE SHADE, NJ 08052
55-626/312

234379

PAY NINETY EIGHT AND 12/100 DOLLARS DOLLARS

| CHECK NO. | DATE | CHECK AMOUNT |
|---|---|---|
| 234379 | 11/15/06 | *********98.12 |

TO THE ORDER OF INTERNAL REVENUE SERVICE

ATTORNEY BUSINESS ACCOUNT

BY: ______ MP
AUTHORIZED REPRESENTATIVE
VOID 6 MONTHS AFTER DATE OF ISSUANCE

Details on back. Security Features Included.

THIS DOCUMENT CONTAINS HEAT SENSITIVE INK. TOUCH OR PRESS HERE - RED IMAGE DISAPPEARS WITH HEAT.

⑈234379⑈ ⑆031206268⑆ ⑈4750714671⑈

REORDER FROM YOUR LOCAL SAFEGUARD DISTRIBUTOR, CALL: (856) 227-9000 7/06 L98SFC05005M

SAFEGUARD LITHO USA SFSL1M CK7S08111M

IRS Department of the Treasury
Internal Revenue Service
P.O. BOX 9019
HOLTSVILLE NY 11742-9019

Annex 5

In reply refer to: 0137624608
Dec. 18, 2006 LTR 672C E0
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 200512 30 000 0
04744
BODC: SB

ALBERT LI & SHIJIAN GUO
5 MARBLE CT
SICKLERVILLE NJ 08081-1684059

000303

Social Security Number: 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
Tax Period(s): Dec. 31, 2005

Form: 1040

Dear Taxpayer:

Thank you for the inquiry dated Nov. 29, 2006.

We applied the payment of $98.12, dated Nov. 15, 2006, to the account identified above, as requested.

Your account is paid in full at this time.

If you have any questions, please call us toll free at 1-800-829-8374.

If you prefer, you may write to us at the address shown at the top of the first page of this letter.

Whenever you write, please include this letter and, in the spaces below, give us your telephone number with the hours we can reach you. Also, you may want to keep a copy of this letter for your records.

Telephone Number ( )____________________ Hours________________

A copy of this letter and any referenced enclosures have been forwarded to your authorized representative(s).

Total

| | | | |
|---|---|---|---|
| Taxpayer: | ALBERT & SHIJIAN GUO LI | Page of | |
| TIN: | 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 | Tax Period(s): | 200512 |

## Accuracy-Related Penalties under IRC 6662

### 20 Percent Penalty – Internal Revenue Code Section 6662(a)

It has been determined that the underpayment of tax shown on line 7 below is attributable to one or more of the following:

(1) Negligence or disregard of rules or regulations;
(2) Substantial understatement of income tax;
(3) Substantial valuation misstatement (overstatement).

Therefore, an addition to tax is imposed as provided by Section 6662(a) of the Internal Revenue Code.

| | |
|---|---|
| 1. Total Underpayment | 71,839.00 |
| 2. Less: Underpayment attributable to non-penalty issues | 0.00 |
| 3. Less: Underpayment attributable to Section 6662A penalty issues | 0.00 |
| 4. Less: Underpayment attributable to Section 6662(h) penalty issues | 0.00 |
| 5. Less: Underpayment attributable to civil fraud penalty issues | 0.00 |
| 6. Less: Allocable prepayment credits | 0.00 |
| 7. Underpayment to which Section 6662(a) applies (Line 1 less the sum of lines 2, 3, 4, 5, and 6) | 71,839.00 |
| 8. Applicable penalty rate | 20.00% |
| 9. Section 6662(a) accuracy-related penalty (Line 7 times line 8) | 14,367.80 |
| 10. Less: Previously assessed/previously agreed Section 6662(a) accuracy-related penalty | 0.00 |
| 11. Total section 6662(a) accuracy-related penalty (Line 9 less line 10) | 14,367.80 |

### 40 Percent Penalty – Internal Revenue Code Section 6662(h)

It has been determined that the underpayment of tax shown on line 7 below is attributable to a gross valuation misstatement (overstatement). Therefore, an addition to tax is imposed as provided by Section 6662(h) of the Internal Revenue Code.

| | |
|---|---|
| 1. Total Underpayment | 71,839.00 |
| 2. Less: Underpayment attributable to non-penalty issues | 0.00 |
| 3. Less: Underpayment attributable to Section 6662A penalty issues | 0.00 |
| 4. Less: Underpayment attributable to Section 6662(a) penalty issues | 71,839.00 |
| 5. Less: Underpayment attributable to civil fraud penalty issues | 0.00 |
| 6. Less: Allocable prepayment credits | 0.00 |
| 7. Underpayment to which Section 6662(h) applies (Line 1 less the sum of lines 2, 3, 4, 5, and 6) | 0.00 |
| 8. Applicable penalty rate | 40.00% |
| 9. Section 6662(h) accuracy-related penalty (Line 7 times line 8) | 0.00 |
| 10. Less: Previously assessed/previously agreed Section 6662(h) accuracy-related penalty | 0.00 |
| 11. Total section 6662(h) accuracy-related penalty (Line 9 less line 10) | 0.00 |





Annex 19

Second payment

$ 71,508.54

I put an incorrect SS #, the correct one is 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

ALBERT LI
SHIJIAN GUO
5 MARBLE CT.
SICKLERVILLE, NJ 08081-1684

103

10/18/2008 Date

Pay to the Order of The U.S. Treasury $ 71,508.54

Seventy-one thousand, five hundred, eight and 54/100 Dollars

Citizens Bank

SSN 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 → correct. 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

Tax period. 2005

For Tel 856-728-5275

⑆036076150⑆ 6222904851⑈ 0103

---

Today Payment

$ 400.72

SHIJIAN GUO
5 MARBLE COURT
SICKLERVILLE, NJ 08081-1684

55-7265/212 769
9341598021

111

Date 10/21/08

Pay to the order of The U.S. Treasury $ 400.72

Four handred $ 72/xx Dollars

citibank
CITIBANK, N.A. BR. #769
1515 LOCUST STREET
PHILADELPHIA, PA 19102

856-522-9958

Memo 2005, Tax Period 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

⑆021272655⑆ 9341598021⑈ 0111

Total is $86909.26.

*031000040*
11/21/2008
6410619446

This is a LEGAL COPY of your check. You can use it the same way you would use the original check.

11/20/2008 [0091000022]
0050221167526

SHIJIAN GUO
ALBERT LI
5 MARBLE CT.
SICKLERVILLE, NJ 08081

Day time Tel. 856-778-5275

1002

Date 11/17/2008

Pay to the Order of United State Treasury — United States Treasury

$ 632.20

Six hundred thirty-two and 20/100 Dollars

Citizens Bank

SS# 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

For 2005 Period

⑆036076150⑆ 621492040⑈ 1002 ⑈0000063220⑈

⑆036076150⑆ 621492040⑈ 1002 ⑈0000063220

Annex 20

08081 IRS USE ONLY SB W 0 S

Department of the Treasury
Internal Revenue Service
P.O. Box 9002
Holtsville, NY 11742-9002

For assistance, call:
1-800-829-8374

**Notice Number:** CP22E
**Date:** October 20, 2008

**Taxpayer Identification Number:**
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
**Tax Form:** 1040
**Tax Year:** December 31, 2005

014850.497731.0053.002 2 AT 0.471 1023

SHIJIAN GUO
5 MARBLE CT
SICKLERVILLE NJ 08081-1684059

| Amount You Owe as of November 10, 2008 |
|---|
| $86,909.26 |

14850

For account of: ALBERT LI & SHIJIAN GUO

## We Changed Your Account

*We will explain why you received this notice, how we changed your account, how this change affects you, and actions you may wish to take.*

## Why You Received This Notice

We changed your 2005 federal income tax return because of your recent audit. Please see your copy of the report for a detailed explanation. As a result of the audit you owe an additional amount.

The law requires us to send a copy of this notice to both you and your spouse. Each copy contains the same information about your joint account. Please pay the amount you owe only once.

## How We Changed Your Account

We changed your account as follows:

| | |
|---|---|
| **Account balance before the audit** | **$15,000.00 CR** |
| Increase in tax because of audit | $71,839.00 |
| Interest charged | $15,702.46 |
| **Amount you now owe** | **$86,909.26** |

71909.26
72541.76
632.50

### How This Affects You

The amount you owe includes interest.

Please pay the full amount by November 10, 2008 to avoid additional penalty and interest. When making your payment:

- Make your check or money order payable to the **United States Treasury**
- Write the Social Security number and tax year shown at the top of this notice on the check or money order

- Use the payment coupon included with this notice

If you cannot pay the balance in full, contact an IRS representative at 1-800-829-8374 to discuss payment options. If you've recently contacted us to include this amount in an installment agreement or have already paid it in full, disregard this payment request.

**Other Actions You May Wish To Take**

You may qualify for innocent spouse relief. You can check to see if you qualify by either:

- Answering the interactive questions on our website at **www.irs.gov** or
- Reviewing Publication 971, *Innocent Spouse Relief* You can get this publication at the IRS website, your local IRS office, or by calling 1-800-TAX-FORM.

Retain a copy of this notice with your federal tax records.

For tax forms, instructions and information visit **www.irs.gov**. Access to this site will not provide you with any taxpayer account information.

## Penalty and Interest

About Your Notice - The penalty and/or interest charges on your account are explained on the following pages. If you want a more detailed explanation of your penalties and interest, please call the telephone number listed on the top of this notice. You may call your local IRS telephone number if the number shown on your notice is a long-distance call for you. All days mentioned in the paragraphs below are calendar days, unless specifically stated otherwise.

### Penalties:

**40 Overstatement, Understatement, or Accuracy-Related Penalty $14,367.80**

For returns due before January 1, 1990, this penalty is one or more of the following: Valuation Overstatement, Valuation Understatement, or Substantial Understatement. For returns due after December 31, 1989, the accuracy-related penalty has been added. Refer to our Examining Officer's report for an explanation of the penalty.

*(Internal Revenue Code section 6662)*

### Interest:

**09 Interest**



Brookhaven Service Center 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 Tax Period: December 31, 2005

**CUT OUT AND RETURN THE VOUCHER IMMEDIATELY BELOW IF YOU ONLY HAVE AN INQUIRY. DO NOT USE IF YOU ARE MAKING A PAYMENT.**

014849

**CUT OUT AND RETURN THE VOUCHER AT THE BOTTOM OF THIS PAGE IF YOU ARE MAKING A PAYMENT, EVEN IF YOU ALSO HAVE AN INQUIRY.**

CUT HERE

Return this voucher with your inquiry or correspondence.

Your Telephone Number: ( )_____-__________ Best Time to Call: _____AM_____PM

344,028 313,152 0

☐ **Correspondence enclosed:**

- Write your Taxpayer Identification Number, tax period and tax form number on your inquiry or correspondence

Crishnan

SB 200841 40 49247-670-00333-8

ID: 5309411

22E Internal Revenue Service
P.O. Box 9002
Holtsville, NY 11742-9002

ALBERT LI
5 MARBLE CT
SICKLERVILLE NJ 08081-1684059

William Cred.
ID 0792770

123746221 RU LIOO 30 0 200512 670 00008690926

CUT HERE

Return this voucher with your payment or correspondence.

Your Telephone Number: ( )_____-__________ Best Time to Call: _____AM_____PM

344,028 313,152 0

**Amount you owe: $86,909.26**

- You will avoid additional penalties and/or interest if we receive your full payment by **November 10, 2008**

☐ **Amount enclosed:** $ 400.72

- Make payable to United States Treasury
- Write Taxpayer Identification Number, tax period and tax form number on payment

$632.20
2005 Tax

☐ **Correspondence enclosed**

SB 200841 40 49247-670-00333-8

22E Internal Revenue Service
Cincinnati, OH 45999-0149

ALBERT LI
5 MARBLE CT
SICKLERVILLE NJ 08081-1684059

123746221 RU LIOO 30 0 200512 670 00008690931

**Internal Revenue Service**
PO Box 12190
Ogden, UT 84412

**Department of the Treasury**

**Person to Contact:**
Jessica Talbot
Employee ID Number: 0099910
Tel: (801) 620-7844
Fax: 801-620-3272

**Refer Reply to:**
AP:CO:OGC:JST
**In Re:**
Penalty Appeals
**SSN/EIN Number:**
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
**Amount of Assessed Penalty(s):**
$ 18.980.20
**I.R.C. Section(s):**
6662(a) – Accuracy related penalty
**Tax Period(s) Ended:**
12/31/2005, 12/31/2006

Date: November 20, 2009

ALBERT LI & SHIJIAN GUO
5 MARBLE CT.
SICKLERVILLE, NJ 08081

Mr. Li and Mrs. Guo:

Your case has been referred to me for consideration of your protest concerning the subject penalty. My job as an Appeals Officer is to consider this dispute and attempt to resolve it within the framework of the law and judicial decisions. I have completed my review and will let this letter serve as my preliminary determination in this matter.

You argue that that the subject penalties should be waived within the protective framework of reasonable cause. You state that the failure to include Schedule K-1 flow-through income from Synergetica International, Inc. on your 2005 and 2006 tax returns was not intentional and due to a legitimate dispute you had with your partner, Michael Su. You contend that you did not receive distributions from Synergetica International, specifically the amounts listed as ordinary income on the Schedules K-1. You note that although you included the K-1 income originally on your 2005 return, the Service agreed to remove this income from your return in exchange for a settlement of $98.12. This agreement was later changed when the Service audited your 2005 return and pursued the K-1 income. In addition, you have provided copies of your on-going litigation with Mr. Su and Synergetica International to support your contention that there was no constructive receipt of monies owed to you. It is based on these facts that relief is requested.

Internal Revenue Code § 6662(a) provides for the assertion of the accuracy related tax penalty unless the taxpayer can establish that the failure was due to reasonable cause and not due to willful neglect. I seldom find that a taxpayer is willfully negligent. As for a finding of reasonable cause, the waters are less clear and close examination of the facts is required. The Supreme Court has provided us with some guidance in making

this evaluation. As held in United States v. Boyle, 85-1 USTC ¶ 13602 (S. Ct. 1985), the Courts has said that reasonable cause must be determined based on the demonstration of the taxpayer that he exercised "ordinary business care and prudence" but nevertheless was unable to comply with the law. The bright line test drawn by the Court in the Boyle case, a test consistent with the law and interpretative regulations, is that holding taxpayers to a standard of due business care is critical to the effective administration of our voluntary tax system. The government has millions of taxpayers to monitor, and our tax system simply will not work unless taxpayers voluntarily comply with the rules and the law and continually practice this standard of due care.

First, with regard to the 2006 case – my review shows that you did not come to agreement with the examiner nor did you petition the US Tax Court for redetermination during the 90-day Statutory Notice of Deficiency period. The tax, penalty and interest were assessed through default. This "default" does not preclude you from seeking redetermination of the accuracy related penalty. My review of the facts of your case fails to establish that you had reasonable cause for failing to include the income reported to you via Schedule K-1. Your argument that you did not receive any distributions nor did you believe that you would ever receive any distributions is without merit. Income received as flow-through income from a partnership or S corporation does not always represent a cash distribution to the partner – the income may be retained by the business and any payout, or lack thereof, is irrelevant for purposes of taxation. The matter of whether that income or a portion of it should have been actually paid to you is a civil matter between you and the corporation itself. I note that you were engaged in litigation with Mr. Su for a period of time. It was unreasonable for you to not include this income on your return until such time as the matter had been resolved and if successful, by order of the Court amendments to the Form 1120/K-1s required.

With regard to the 2005 tax years, it is your contention that the Service originally settled this issue via letter 672C for $98.12. Letter 672C is simply an automated letter that acknowledges a payment that satisfied an account. It is in no way a formal settlement or offer in compromise. My review of your 2005 account shows that you initiated the amended return and stated *"The S corporation income originally reported has been omitted from this amendment due to the fact that this income will not be distributed to the shareholder and the company will not distribute it at any future period."*

As noted above flow through income from a partnership or S corporation does not have to be constructively received. The Service, upon review of the information return, determined that this income should be included on your return and an audit was conducted. My review of those audit papers shows that you and your wife both signed the consent to the immediate assessment and collection of the tax, penalties and interest AND waived your appeal rights with the Internal Revenue Service or to contest the findings of the report in the United States Tax Court. This waiver was signed by you on July 16, 2008.

However, even if I could consider the 2005 penalty, I would find that no reasonable cause exists for the reasons noted in my review of your 2006 accuracy related penalty.

**Internal Revenue Service**
PO Box 12190
Ogden, UT 84412

**Department of the Treasury**

**Person to Contact:**
Jessica Talbot
Employee ID Number: 0099910
Tel: (801) 620-7844
Fax: 801-620-3272
**SSN/EIN Number:**
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
**Amount of Assessed Penalty(s):**
$ 18.980.20
**I.R.C. Section(s):**
6662(a) – Accuracy related penalty
**Tax Period(s) Ended:**
12/31/2005, 12/31/2006

Date: January 19, 2010

ALBERT LI & SHIJIAN GUO
5 MARBLE CT.
SICKLERVILLE, NJ 08081

Mr. Li and Mrs. Guo:

Thank you for your reply received December 22, 2009 in which you have indicated that you do not agree with my determination and have provided additional comment regarding that determination. This letter will serve as my final determination in this matter.

As I noted in my previous letter, the role of Appeals is to consider your dispute and attempt to resolve it within the framework of the law and judicial decisions. There is nothing in the information you provided that allows me to waive the accuracy related penalty assessed against you due to reasonable cause, nor am I able to find any Court decision that would support your reasons for not including the income. Therefore, it remains my determination to sustain the government's position to sustain the accuracy related penalty.

Your next level of appeal would be to file with either the United States District Court or the United States Claims Court. You may file a claim on Form 843 with the Service Center that processed the applicable return. Include a statement that your claim be immediately disallowed. You will then be issued a notice of claim disallowance. You will have two years from the date of this formal claim disallowance to bring formal suit.

Sincerely,

Jessica Talbot
Appeals Officer

cc: Edward M. Oberman

Based on the facts of this case in combination with the laws as interpreted by the Courts, it is my determination to sustain the government's position to impose the accuracy related penalties. I will allow you an opportunity to respond to this letter and my rationale. However, if you do not respond on or before December 4, 2009, I plan to deny relief and close your case. Your next level of appeal would be to file with either the United States District Court or the United States Claims Court. You may file a claim on Form 843 with the Service Center that processed the applicable return. Include a statement that your claim be immediately disallowed. You will then be issued a notice of claim disallowance. You will have two years from the date of this formal claim disallowance to bring formal suit.

If you have any further questions on this matter, please call me at the telephone number shown above.

Sincerely,

Jessica Talbot
Appeals Officer

cc: Edward M. Oberman

- Why was the taxpayer unable to pay?
- Did the taxpayer explore other means to secure the necessary funds?
- What did the taxpayer supply in the way of supporting documentation, such as copies of bank statements?
- Did the taxpayer pay when the funds became available?

7. An abatement of a penalty because the taxpayer experienced an "undue hardship" is identified by the use of **PRC 029**.

**20.1.1.3.2.4 (02-22-2008)**
**Advice**

1. This section discusses three basic types of advice:

   A. Written advice provided by IRS

   B. Oral advice provided by IRS

   C. Advice provided by a tax professional

2. Information to consider when evaluating a request for abatement or non-assertion of a penalty due to reliance on advice includes, but is not limited to, the following:

   A. Was the advice in response to a specific request and was the advice received related to the facts contained in that request?

   B. Did the taxpayer reasonably rely on the advice?

3. The following instances address some situations where penalty relief may not be appropriate even though the taxpayer relied on written advice from the IRS regarding an item on a filed return.

   A. The taxpayer did not reasonably rely on the advice regarding an item **included on a return** if the advice was received after the date the return was filed;

   **Note:**

   A taxpayer may be considered to have reasonably relied on advice received after the return was filed if they then filed an amended return that conformed with such written advice

   B. A taxpayer may not be considered to have reasonably relied on written advice **unrelated**to an item included on a return, such as advice on the payment of estimated taxes, if the advice is received after the estimated tax payment was due.

4. Did the taxpayer provide the IRS or the tax professional with adequate and accurate information?

5. The taxpayer is entitled to penalty relief for the period during which they relied on the advice. The period continues until the taxpayer **is placed on notice**that the advice is no longer correct or no longer represents the Service's position.

6. The taxpayer is **placed on notice**as the result of any of the following events that present a contrary position and occur after the issuance of the written advice:

   A. Written correspondence from the IRS that its advice is no longer correct or no longer represents the IRS's position;

B. Enactment of legislation or ratification of a tax treaty;

C. A U.S. Supreme Court decision;

D. The issuance of temporary or final regulations; or

E. The publication of a revenue ruling, revenue procedure, or other statement in the Internal Revenue Bulletin.

7. Generally, Form 843, Claim for Refund and Request for Abatement, is required to be filed to request penalty abatement based on erroneous advice.. However, if Form 843 is not filed and the information provided demonstrates that abatement of the penalty is warranted, the penalty should be abated, whether or not a Form 843 is provided.

**20.1.1.3.2.4.1 (02-22-2008)**
**Written Advice from the IRS**

1. The IRS is required by IRC section 6404(f) and Treas. Reg. 301.6404–3 to abate any portion of any penalty attributable to erroneous written advice furnished by an officer or employee of the IRS acting in their official capacity.

2. If the taxpayer does not meet the criteria for penalty relief under IRC section 6404(f), the taxpayer may qualify for other penalty relief. For instance, taxpayers who fail to meet all of the above criteria may still qualify for relief under reasonable cause if the IRS determines that the taxpayer exercised ordinary business care and prudence in relying on the IRS's written advice.

3. Penalties abated as a result of reliance on erroneously written advice from the IRS should be identified by **PRC 044**, Statutory Exception.

**20.1.1.3.2.4.2 (02-22-2008)**
**Oral Advice from IRS**

1. The IRS may provide penalty relief based on a taxpayer's reliance on erroneous oral advice from the IRS. The IRS is required by IRC section 6404(f) and Treas. Reg. 301.6404–3 to abate any portion of any penalty attributable to erroneously **written** advice furnished by an employee acting in their official capacity. Administratively, the IRS has extended this relief to include erroneous oral advice when appropriate.

2. In addition to considering the criteria provided in Treas. Reg. 301.6404–3, consider the following:

   A. Did the taxpayer exercise ordinary business care and prudence in relying on that advice?

   B. Was there a clear relationship between the taxpayer's situation, the advice provided, and the penalty assessed?

   C. What is the taxpayer's prior tax history and prior experience with the tax requirements?

   D. Did the IRS provide correct information by other means (such as tax forms and publications)?

   E. What type of supporting documentation is available?

3. The following are types of supporting documentation:

   A. A notation of the taxpayer's question to the IRS,

   B. Documentation regarding the advice provided by the IRS,

   C. Information regarding the office and method by which the advice was obtained,